1  DEBORAH J. BROYLES, CA BAR NO. 167681
   CHRIS BAKER, CA BAR NO. 181557
2  THELEN REID BROWN RAYSMAN & STEINER LLP
   101 Second Street, Suite 1800
3  San Francisco, CA  94105
   Tel. 415.371.1200
4  Fax 415.371.1211

5  Attorneys for Defendants
   KAISER FOUNDATION HOSPITALS,
6  AMY L'AMOREAUX, DIANE THURIN, and KIRSTIN HEIMAN

7
   THERESA ANN TOKASHIKI, In Pro Per/Pro se
8  2169 Dalis Drive
   Concord, California 94520-5419
9  (925) 691-4011

10

11

12                        UNITED STATES DISTRICT COURT

13              FOR THE NORTHERN DISTRICT OF CALIFORNIA

14

15  THERESA A. TOKASHIKI AKA        Case No.:  C 08 0357 BZ
    McCAULEY,
16
                                    JOINT RULE 26 REPORT
17           Plaintiff,

18      vs.                         Date: May 5, 2008
                                    Time: 4:00 p.m.
19  KAISER FOUNDATION HOSPITALS,    Before Judge Zimmerman
    AMY L'AMOREAUX, DIANE THURIN,
20  KIRSTIN HEIMAN; DOES 1 THROUGH
    10,
21
             Defendants.
22

23        Comes Now Plaintiff Theresa A. Tokashiki ("Plaintiff," proceeding pro per) and

24  Defendants Kaiser Foundation Hospitals ("KFH"), Amy L'Amoreaux, Diane Thurin, and Kirstin

25  Heiman ("Defendants," through counsel), and state as follows:

26

27

28

**1.     Jurisdiction and Service**

     A.     <u>Defendants' Position</u>

     The Court has subject matter jurisdiction over Plaintiff's Complaint because she has alleged various causes of action arising out of two distinct labor agreements: (1) a September 2003 settlement agreement between Plaintiff, her Union (the SEIU), and KFH; and (2) the Collective Bargaining Agreement between Plaintiff's Union and KFH.  Because one or more of Plaintiff's claims require the interpretation of these agreements, several causes of action in Plaintiff's Complaint raise a federal question under, or are completely pre-empted by, the Labor Management Relations Act, 29 U.S.C. § 185.  The Court has supplemental jurisdiction of Plaintiff's state law discrimination claim.  Plaintiff did not file any document contesting the removal of this case to federal court.

     Defendants do not contest service.

     B.     <u>Plaintiff's Position.</u>

     The Plaintiff understands the jurisdiction for this case needs to be in is Superior Court of California based on California Law, and disagrees with the Defendants jurisdictional move into Federal Court.  Here are some of the California laws supporting the Plaintiffs California Causes of Action:  FAIR EMPLOYMENT AND HOUSING §12900, §12905.5, §12921(a), §12926(n), 12926(l), §12926(i)(1)(3), 12926(k)(1)(B)(i), (iii), §12926(k)(A)(B)(i)(iii)(3)(4)(5),§12926.1(c), §12926.1(1)(a), (b), (c), §12920, §12920.5, §12948, §12940(a)-(o), §12960(b),California Civil Code-Contracts: §1427, §1570, §1549, §1550, §1620, §3300-Breach of Contract Damages, Exemplary Damages, §3294(a), (b), (c), (1)(2)(3),(d), Defamation: §44, §51.7(a), Duty to Avoid Injuring Persons or Property §1708, Deceit Damages §1709, California Constitution Laws:  Article 1-Declaration of Rights Section 2.(a), Article 1-Declaration of Rights Section 26, California Code of Regulations: §7293.9, 8 CCRT.8, Div. 1,Chapter 3, Article II, California Civil Rights Act: §51(a)(b)(c)(e)(1)(2)(f), §52(a)(b)(1)(2)(3)(e)(f)(h), California Evidence Code §669 (a)(1)(2)(3)(4)(b)(1).  Truly the only cause of action that would hold in federal jurisdiction is the Wrongful Termination based on the Plaintiff not receiving a copy pursuant to federal law, of the Defendants Drug and Alcohol Policy.

1    The Federal Drug Free Workplace Act of 1988 is what the Defendants terminated the Plaintiff

2    over, and that is governed by Federal Contractors Law.

3        In the Defendants Position, they site the 'Labor Management Relations Act, 29 U.S.C.

4    §185' (LMRA), without clearly indicating which portion of the LMRA they are referring to.

5    Hundreds of pages to review that mostly speak of unions.  I ask Defendants to be a little more

6    clear which specific area of "LMRA, 29 §185" are they talking about?  The Defendants Position

7    as stated above, indicates there are "Two (2) Labor Agreements" that need the assistance of this

8    Court, in interpreting any preemption arising between State and Federal laws or treaties under the

9    U.S. Constitution, regarding these agreements.  Clearly the Plaintiff and "KFH" entered into an

10   agreement settling all claims from Plaintiffs termination on March 27, 2002.  Plaintiff signed this

11   agreement outside the C.B.A. procedure of "Arbitration", and "Before Arbitration", clearly stating

12   the governing of this agreement is "Under California Civil Code §1549", on September 24, 2003,

13   along with her Union.  "KFH" settled contingent to the Plaintiff agreeing to dismiss all "KFH"

14   defendants from Plaintiff's case against them in State court, as she did.  Paragraph #13 of this

15   Settlement Agreement (noted in Plaintiff's complaint as 'Exhibit 18 (A)') clearly states the

16   following, "This Settlement Agreement shall be construed and governed by the laws of the State

17   of California."  The understanding this contract would ever be in breach was beyond the parties

18   because there *was not a breach clause* indicating something like, 'If a Breach of Contract ever

19   arises, then Arbitration will need to commence before a State claim can be stated'.  However, a

20   Federal decision noted in the John Gavello case *AFGE Local 1 v. Stone, 502 F.3d 1027*, three

21   Appellate Judges overturned a district court decision based on the contents of the TSA being

22   "Unconstitutional" regarding forming a union, and "Constitutionally", the three judges allowed

23   freedom of speech in forming union in the TSA.  They found through their decision, that allowing

24   a division of our government to change employment agreements at will, was not only not fair, it

25   was "Unconstitutional".  Also with their decision, it makes it clear for any agreement to be

26   precise; is now federal case law to not change agreements including our U.S. Constitution, at will

27   unless all of the parties agree to the change or alteration.  Agreements including the employment

28

1   contract never stated anything about Mr. Gavello or any other employee of the TSA not being

2   allowed to form a union, therefore they can be heard on this issue.

3       Plaintiff objects to Defendants statement above of, "Plaintiff did not contest the removal of

4   this case to federal court with referencing Federal Rules of Civil Procedure 7 (a)(1), (2), (3), (4),

5   (5), (6), and (7)."  To make it clear that Plaintiff did not contest the removal of the state action into

6   federal jurisdiction, based on Federal Rules of Court, Federal Rules of Civil Procedure (FRCP),

7   and Civil Local Rules stating a "Demurrer" or "Reply" is inappropriate.  These "Rules" indicate

8   that "Demurrer" or "Reply" papers are not to be even filed if the case was removed from State to

9   Federal Jurisdiction.  Federal Courts want to process the removed action with it's own justice and

10  decisive patterns without all the paperwork filed in the past.  Standing Orders for Magistrate Judge

11  Bernard Zimmerman does not state anything about a reply to an answer.  If this Court would want

12  or allow the Plaintiff to file some type of Demurrer or Reply Brief to the Defendants Answer she

13  would be happy to do so.  Nevertheless, these are the reasons the Plaintiff didn't file any

14  contesting paperwork regarding Defendants Answer or Removal.

15  2.  **Facts**

16      A.   <u>Defendant's Statement</u>

17      Plaintiff, a union employee, was first terminated from her employment with KFH in 2002.

18  As part of negotiated settlement agreement between KFH, the SEIU, and Plaintiff, she was

19  reinstated to her employment in September 2003.  This settlement agreement provides that "Any

20  disputes concerning the implementation, interpretation, or application of this Agreement shall be

21  subject to binding arbitration pursuant to the terms and conditions of the Collective Bargaining

22  Agreement between the Employer and Local 250."

23      Subsequently, in April of 2005, KFH learned that Plaintiff possessed and was consuming

24  marijuana on the job.  KFH placed Plaintiff on administrative leave and, after conducting an

25  investigation, discharged her.  Plaintiff and her Union grieved this discharge as well.  After a

26  hearing in which evidence was taken, an Arbitration Panel consisting of a union representative, an

27  employer representative, and a neutral arbitrator determined that KFH had just cause to discharge

28  Plaintiff.

1    Plaintiff never sought to arbitrate her alleged claims that KFH violated the September 2003

2    settlement agreement.  She has *already* arbitrated her claim that KFH did not have just cause to

3    terminate her employment in 2005.  With respect to her claim of disability discrimination and

4    failure to accommodate, the California Supreme Court recently determined that an employer has

5    no duty to accommodate an employee's use of medical marijuana.  It also concluded that an

6    employer may discharge an employee for possessing or consuming medical marijuana without

7    violating California law against disability discrimination.  *Ross v. Ragingwire*

8    *Telecommunications, Inc.*, 42 Cal.4th 920 (2008).

9    B.    Plaintiff's Statement

10    Plaintiff does not contest any part of Paragraph #15, as it is clear to see the intention of the

11    parties agreeing on only what they see in the following arbitration paragraph, as it doesn't contain

12    "Breach", "This settlement agreement provides that Any disputes concerning the implementation,

13    interpretation, or application of this Agreement shall be subject to binding arbitration pursuant to

14    the terms and conditions of the Collective Bargaining Agreement between the Employer and Local

15    250."  *AFGE Local 1 v. Stone, 502 F.3d 1027.*

16    Even though "KFH" had notice in July or August of 2004 when Plaintiff was on leave, of

17    Plaintiffs Legal Cannabis Recommendation (California's Compassionate Use Act) Doctor

18    Certified Original, as the Plaintiff showed the appointed "KFH" supervisor, they did not request a

19    copy.  Plaintiff returned from nearly a one (1) year leave when she returned to work on March 15,

20    2005, was back on the job for twenty (20) days, without any Orientation regarding the "KFH" 3.02

21    NC Policy for Drugs and Alcohol. On April 3, 2005, while working, Defendant Diane Thurin

22    called Plaintiff at the switchboard and asked one question over and over of Plaintiff, "Terri do you

23    have anything on premises that contains cannabis?" After Plaintiff said "Yes", she was suspended

24    for Cannabis Possession.  Plaintiff told Thurin she was a legal cannabis patient and even showed

25    her card to the Security Officer waiting to escort her off "KFH " premises.  Plaintiff had a piece of

26    cannabis candy in the office refrigerator and told Security Officer she needed to get that before she

27    left.  Then accusations by "KFH" of the Plaintiff using her medication while at "KFH", flew all

28    the way into a termination letter given to Plaintiff on June 20, 2005.  The Union and Plaintiff on

June 20, 2005 both asked to have a copy of Kaiser's Investigation. July 7, 2005 Plaintiff gets her copy, and sees for the first time what she was fired over was nothing. "KFH" assumed the cookies contained cannabis – assumed Plaintiff into the poor house with no job. Plaintiff didn't know that "KFH" terminated her for a non-medicated chocolate chip cookie wrapped with recycled plastic wrap with a cannabis label on it until July 7, 2005. Without Thurin clarifying with her what was inside the plastic wrap, just baffles me. Then without any testing of Plaintiff, or testing of this cookie for Cannabis, leaves an open question. Why didn't "KHF" do testing? The representatives of "KFH" strongly held *U.S. Code Title 41 Chapter 10 section §701* against the Plaintiff during a grievance hearing, by giving her Union Field Representative a copy of this *U.S. Code Title 41 Chapter 10 section §701* attached to a letter documenting the copy to give to the Plaintiff. As far as the C.B.A. between Plaintiffs Union and "KFH", the termination of June 20, 2005 has been arbitrated and decided on, yes but it was an unfair decision that the Plaintiff Appealed to the General Counsel of the National Labor Relations Board in Washington, D.C. The Arbitrator Gerald McKay stated "KFH" policy dictates Plaintiff should have been immediately terminated, which is not at all true; the policy stated Plaintiff should have been placed on a sick leave. *Plaintiff received a copy of the "KFH" Drug and Alcohol KP 3.02 Policy for the first time five (5) days after she was suspended for it in 2005.* Pursuant to 'Federal Contractors Requirements for the Federal Drug Free Workplace Act of 1988', the Plaintiff was supposed to receive a copy of said "Drug and Alcohol Policy" and "KFH" was supposed to have an "Ongoing education program on the use, abuse of drugs on premises", also pursuant to *Title 41 Chapter 10 §701*, but that never happened either. The situation in Ross v. Ragingwire is different in a few areas. First the employee-Ross was not an actual employee yet and within his 90-day probation pending results of a New Employee Drug Screen. Now, California Legislature has in place AB 2279 after Ross v. Ragingwire case decision finding and noting various changes also to Department of Fair Employment and Housing to include sick patients who use cannabis for medical use also has the opportunity to be an employee at an employer in California, without discrimination or harassment regarding cannabis. The voters voted in the California Cannabis Laws intending to help legal cannabis patients with their rights, but the ideas in that Sacramento courtroom was a negative for a

1   sick person that wants to work that is a legal cannabis patient.  Here are a few laws also before

2   legislature is SEC. 2. Section 11362.787 is added to the Health and Safety Code, to read if

3   passed:11362.787. (a) Notwithstanding subdivision (a) of Section 11362.785, and except as

4   provided in subdivision (c), it is unlawful for an employer to discriminate against a person in

5   hiring, termination, or any term or condition of employment or otherwise penalize a person, if the

6   discrimination is based solely upon either of the following: (1) The person's status as a qualified

7   patient or a designated primary caregiver.

8          Not the case here with Tokashiki vs. Kaiser.  Well established employee that gave notice to

9   her employer of  not only her cannabis use in mid 2004, but informed Defendant Amy

10  L'Amoreaux on January 22, 2004-first day after returning from reinstatement-Plaintiff didn't want

11  to get fired again, so she followed the rules of the Orientation Binder from "KFH" she received on

12  January 5, 2004, and informed of other prescription medications she was taking for her back pain.

13  But L'Amoreaux got mad at Plaintiff for mentioning her medications and told her to never say

14  anything ever again about it.  Because "KFH" fired Plaintiff for non-cannabis cookies, the way

15  their investigation states this, it doesn't seem fair they would argue any type of discrimination,

16  especially when it was exercised the very day of Plaintiffs termination 6-20-05 at 8:33am a

17  comment to Jan Austin of H.R. from L'Amoreaux, answering Austin's email, "I did NOT have

18  any such conversation with Theresa Tokashiki.  I am surprised she would state this as she has

19  significant memory loss on everything else… (that is me being sarcastic) There was no

20  conversation with Theresa Tokashiki regarding medication.  Amy"

21  **3.      Legal Issues**

22          A.      Defendant's Position

23  Defendants anticipate the following legal issues:

24          1.      Should the Court grant Defendants summary judgment and/or judgment on the

25  pleadings with respect to Plaintiff's breach of contract, breach of the covenant, and intentional

26  infliction of emotional distress claims because she failed to pursue, or has already pursued,

27  arbitration of these claims?

28

2.      Is Plaintiff's intentional infliction of emotional distress claim pre-empted by the Labor Management Relations Act because it arises from and requires the interpretation of a labor agreement?

3.      If summary judgment is not appropriate for the above claims, should Plaintiff instead be compelled to comply with the contractual grievance procedure and seek arbitration of these claims?

4.      Should the Court grant Defendants summary judgment/judgment on the pleadings with respect to Plaintiff's disability discrimination claim because: (1) Plaintiff has testified, under oath, during arbitration, that she possessed marijuana on KFH premises; and (2) KFH's decision to discharge Plaintiff and not accommodate her use of illegal drugs was entirely permissible under California's disability discrimination laws?

B.      <u>Plaintiff's Position</u>

1.      Should this Court grant Defendants Summary Judgment because they breached a contract that *does* not have a "Breach of Contract Arbitration Clause"?  Should we assume that interpretation, implementation or application has anything to do with "Breaching this Agreement?  Should this Court decide on a breach of contract claim that is governed by the State of California? "In Defendants Removal Answer filed on January 18, 2008, they state under 6 b., "Plaintiff's employment relationship is governed by the provisions of a collective bargaining agreement between KFH and SEIU (short title) Local 250 United Healthcare Workers Union…".  Yet for a moment in time, the State of California Civil Code §1549 governed a settlement agreement (Ex.18 (A) of Plts. Cmplt.) as it states in Paragraph #13 pertaining Plaintiffs employment future.  Quoting #13, "This Settlement Agreement shall be construed and governed by the laws of the State of California."  See case *AFGE Local 1 v. Stone, 502 F.3d 1027*.

2.      Plaintiff's intentional infliction of emotional distress claim is not pre-empted by the Labor Management Relations Act, it is governed by Civ.Code for Calif.1549.

3.      Since the Arbitrator choice of "KFH" is dishonest, Plaintiff asks this Court to appoint an Arbitrator if this Court feels "Breach of Contract actions" and "Emotional Distress" would fall into Federal Jurisdiction.

4.       "After Acquired Evidence Doctrine" will not hold up in any court if discrimination is exercised, and that is what the EEOC McKennon case states.  That is all the Defendants have because they didn't prove anything regarding the cannabis.  Discrimination is exercised extensively in this case, there is no question about it.  Plaintiff asks this court to remember the Defendants exercised extensive, hurtful discrimination and put it in black and white.  Plaintiff has these copies of discrimination in her complaint.

**4.       Motions**

Defendants anticipate filing a motion for summary judgment, judgment on the pleadings, and/or to compel arbitration with respect to Plaintiff's Complaint.  Defendants do not currently anticipate having to conduct any discovery prior to filing this motion.  The Plaintiff has no motions planned at this point.

**5.       Amendments To Pleadings**

Defendants do not anticipate making any amendments to the pleadings.  Plaintiff has already amended her complaint once.  She has not sought leave of this court to amend her complaint a second time.  Plaintiff states at some point she might want to amend her complaint a second time after she heals from a right shoulder tendon tear and arm crush.

**6.       Evidence Preservation**

KFH has followed its normal procedures with respect to preserving electronic and paper documents in this matter.  Plaintiff has followed normal procedures with respect to preserving evidence.

**7.       Initial Disclosures**

A.       <u>Defendants' Position</u>

In accordance with F.R.C.P. 26(a)(1), as well as the Court's case management order, Defendants request that the parties not exchange initial disclosures until the Court hears Defendants' early dispositive motion in this case.  Defendants make this request in order to control costs and promote judicial economy.  In addition, Defendants wish to avoid any argument that they have somehow waived their ability to compel arbitration (or seek summary judgment because

1  of Plaintiff's failure to exhaust her contractual grievance remedies) by voluntarily participating in

2  discovery.

3          B.      Plaintiff's Position

4          The Plaintiff objects to the Defendants filing of any dispositive motion, including but not

5  limited to motion for summary judgment.  To stop the Plaintiff from obtaining justice isn't fair in

6  this Plaintiffs case.  Also promoting economy over justice in favor of Defendants is something the

7  Plaintiff is also objecting to.  Further to order the Defendants to comply with Initial Disclosures

8  and release the documentation the Plaintiff requests without her having to complete and serve

9  several subpoenas to Defendants for such documentary evidence.  It is required for the Defendants

10  to produce documentation to the Plaintiff under FRCP 26(a)(1)(A).  As of today's date, the

11  Plaintiff has complied with Initial Disclosures to the best of her ability.

12  **8.      Discovery**

13          A.      Defendants' Position

14          No discovery has been taken to date.  Defendants need not take any discovery prior to

15  filing a dispositive motion in this case.  Defendants request that no discovery be served pending

16  the Court's decision with respect to Defendants' early dispositive motion.

17          B.      Plaintiff's Position

18

19          The Plaintiff asked for documentation that would and should be initial disclosures and

20  Defendants indicated to her for that documentation she would need to file a subpoena.  Defendants

21  clearly indicated to Plaintiff during the Conferencing of the Parties they do not want to exchange

22  initial disclosures.  The Plaintiff and Defendants Counsel only discussed Plaintiffs deposition

23  request to be open at this time.  No further communication was discussed because the Defendants

24  feel strongly they will win Summary Judgment, no energy was put into discussion of Discovery on

25  the Defendants part.

26

27

28

**9.      Related Cases**

     A.      <u>Defendant's Position</u>

As noted above, Plaintiff and her union grieved her April 2005 discharge.  The Arbitration Panel denied the grievance.  In addition, Plaintiff filed an unfair labor practice charge with the National Labor Relations Board as a result of her discharge.  The NLRB refused to issue a complaint.

     B.      <u>Plaintiff's Position</u>

Plaintiff filed a charge of Discrimination with the Equal Employment Opportunity Commission charge #370-2005-02096.  "The EEOC issues the following determination:  Based upon its investigation…This does not certify that the respondent is in compliance with the statutes…" Plaintiff also filed a complaint of unfair labor practice with the National Labor Relations Board (N.L.R.B.), appeal to Washington DC NLRB.

**10.      Class Action**

This is not a class action.

**11.      Relief Sought**

     A.      <u>Defendants' Position</u>

Defendants contend that Plaintiff is not entitled to any relief.  Defendants seek a summary disposition of Plaintiff's claims.

     B.      <u>Plaintiff's Position</u>

Plaintiff is entitled to relief on all counts.  The Defendants unlawfully exercised Discrimination against her before the date, and on the date several hours before they terminated her (Plaintiff has documentary proof).  The Plaintiff asks this Court to not allow the Defendants any justification, justice, or any claims or defenses for the "After Acquired Evidence Doctrine", as their state answers' affirmative defense #17 indicated.  Based on material documentary fact the Plaintiff holds, to impact determination of any of Plaintiffs claims regarding that doctrine, she asks this Court not to find in Defendants favor because such discrimination was being exercised prior to Plaintiffs June 20, 2005 termination from "KFH".  Plaintiffs National Labor Relations Board complaint she filed and appealed, went to General Counsel of the N.L.R.B. located in Washington

1   D.C. where decision was made, but not in the Plaintiffs favor.  That is why she filed her case in

2   court, along with several other reasons including hoping and wishing for fairness to be judged

3   regarding her claims.  The Plaintiff further asks of this Court to order the Defendants to pay the

4   Plaintiff $12,000,000.00 or come to some other settlement figure that the Plaintiff agrees on that

5   pays her for what she has gone through because of the actions of ALL Defendants in this case.

6   **12.      Settlement & ADR**

7          The parties have agreed to an early settlement conference before a magistrate judge.  The

8   parties have agreed to participate in an ADR Phone conference that is scheduled for April 30,

9   2008 at 9:30 a.m.

10  **13.      Consent to Magistrate Judge**

11         The parties have consented to Magistrate Judge Zimmerman for all purposes.

12  **14.      Other References**

13         A.      Defendant's Position

14         If the Court does not grant Defendants' anticipated motion for summary judgment or

15  judgment on the pleadings of Plaintiffs' contractual and emotional distress claims, these claims

16  should be referred to arbitration pursuant to the terms of the labor agreement between the parties.

17         B.      Plaintiff's Position

18          Plaintiff fully objects to the Defendants filing an early Summary Judgment motion or any

19  form of judgment in favor of the Defendants.  Based on pure material facts and laws supporting

20  Plaintiffs claims, the Plaintiff requests of this Court to halt the Defendants a little while regarding

21  this.

22  **15.      Narrowing Of Issues**

23         The parties are currently unaware of any way to narrow the issues in this matter.

24  **16-18. Scheduling & Trial**

25         A.      Defendants' Position

26         Defendants' request that the Court delay setting a schedule or trial date in this matter

27  pending its resolution of Defendants' early dispositive motion.

28

1

B.        Plaintiff's Position

2       The Plaintiff requests of this Court based on material facts and laws pertaining to the

3   Plaintiffs complaint, that the Defendants be ordered not to file Summary Judgment until after the

4   Settlement Conference.  We did not discuss Trial because of S.J. Motion to be filed by

5   Defendants.  But 2-4 days for trial is alright .

6   **19.     Disclosure Of Interested Parties**

7       A.        Defendants' Position

8       Defendants have filed the necessary disclosure in this case.  It states, in whole:

9       "Pursuant to Civil L.R. 3-16, the undersigned counsel of record for Defendants certifies

10  that the following listed persons, associations of persons, firms, partnerships, corporations

11  (including parent corporations) or other entities (i) have a financial interest in the subject matter in

12  controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

13  matter or in a party that could be substantially affected by the outcome of this proceeding:

14      Theresa Tokashiki, Plaintiff.

15      Kaiser Foundation Hospitals, Defendant.

16      Amy L'Amoreaux, Defendant.

17      Diane Thurin, Defendant.

18      Kristin Heiman, Defendant"

19      B.        Plaintiff's Position

20       Plaintiff has filed the necessary disclosure in this case.  It states, in whole:

21      "Pursuant to Civil L.R. 3-16, the undersigned counsel of record for the Plaintiff certifies

22  that the following listed persons, associations of persons, firms, partnerships, corporations

23  (including parent corporations) or other entities (i) have a financial interest in the subject matter in

24  controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject

25  matter or in a party that could be substantially affected by the outcome of this proceeding:

26      Kaiser Foundation Hospitals, Defendant.

27      Amy L'Amoreaux, Defendant.

28      Diane Thurin, Defendant.

SF #1469839 v1                              -13-

1    Kristin Heiman, Defendant.

2    Theresa Tokashiki, Plaintiff."

3

4  Dated:  April 28, 2008

5                              THELEN REID BROWN RAYSMAN & STEINER LLP

6

7
                              By   /s/ Chris Baker, Esquire
8                                  Deborah J. Broyles
                                   Chris Baker
9                                  Attorneys for Defendants
                                   KAISER FOUNDATION HOSPITALS,
10                                 AMY L'AMOREAUX, DIANE THURIN,
                                   AND KRISTIN HEIMAN
11

12
   Dated:  April 28, 2008
13

14                             THERESA A. TOKASHIKI

15

16
                              By   /s/ Theresa A. Tokashiki, *in pro per*
17                                 Theresa A. Tokashiki
                                   Proceeding Pro Per
18

19

20

21

22

23

24

25

26

27

28

SF #1469839 v1                      -14-

1

**<u>CERTIFICATE OF SERVICE BY MAIL</u>**

2

CASE NO. C-08-0357 BZ

3

4

    I am over the age of 18 and not a party to the within action.  I am employed in the County

5

of San Francisco, State of California by Thelen Reid Brown Raysman & Steiner LLP.  My

business address is 101 Second Street, Suite 1800, San Francisco, California  94105.

6

    On April 28, 2008, I served the following entitled document:

7

           JOINT RULE 26 REPORT

8

9

by placing a true and correct copy thereof in a sealed envelope addressed as follows:

10

       Theresa A. Tokashiki
       2169 Dalis Drive

11

       Concord, CA  94520-5419

12

    I am readily familiar with the firm's business practice for collection and processing of

13

correspondence for mailing with the United States Postal Service.  On this day, I placed for

14

collection and processing the above documents to be deposited with the United States Postal

15

Service in the ordinary course of business.  And in the ordinary course of the firm's business, such

16

correspondence is deposited with the United States Postal Service the same day that it is collected.

17

    I declare under penalty of perjury under the laws of the United States of America that the

18

foregoing is true and correct.

19

    Executed on April 28, 2008, at San Francisco, California.

20

                       /s/ Lisa Schuh

21

                         Lisa Schuh

22

23

24

25

26

27

28