1  Theresa Ann Tokashiki, In Pro Per/Pro se
   2169 Dalis Drive
2  Concord, California 94520-5419
3  (925) 691-4011



FILED

APR 2 8 2008

RICHARD
CLERK, U.S. DISTRICT
NORTHERN DISTRICT OF CALIFORNIA

7

8            UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  THERESA A. TOKASHIKI,              Case No.  C 08-0357 BZ

12                                     JOINT RULE 26 REPORT
                   Plaintiff
13        vs.                          Date Filed:       April 28, 2008
                                       Hearing Date:     May 5, 2008 at 4:00pm
14  KAISER FOUNDATION HOSPITALS,
    AMY L'AMOREAUX, DIANE             Court location:   450 Golden Gate Avenue, 15th Floor
15  THURIN, KRISTIN HEIMAN, DOES 1                       San Francisco, California 94102
    THROUGH 10, inclusive,            Courtroom:        "G"
16                                     Magistrate Judge: Honorable Bernard Zimmerman
                   Defendants.
17

18        The Plaintiff Theresa A. Tokashiki ("Plaintiff," proceeding pro per), and Defendants Kaiser

19  Foundation Hospitals ("KFH"), Amy L'Amoreaux, Diane Thurin, and Kirstin Heiman ("Defendants,"

    through counsel), and state as follows:

20        **1.    Jurisdiction and Service**

21        A.    Defendants' Position

22        The Court has subject matter jurisdiction over Plaintiff's Complaint because she has alleged

23  various causes of action arising out of two distinct labor agreements: (1) a September 2003 settlement

    agreement between Plaintiff, her Union (the SEIU), and KFH; and (2) the Collective Bargaining

24  Agreement between Plaintiff's Union and KFH.  Because one or more of Plaintiff's claims require the

25  interpretation of these agreements, several causes of action in Plaintiff's Complaint raise a federal

26  question under, or are completely pre-empted by, the Labor Management Relations Act, 29 U.S.C. § 185.

27
                                        -1-

1    The Court has supplemental jurisdiction of Plaintiff's state law discrimination claim.  Plaintiff did not

2    contest the removal of this case to federal court.

         Defendants do not contest service.

3
         B.    Plaintiff's Position.

4        The Plaintiff understands the jurisdiction for this case needs to be in is Superior Court of

5    California based on California Law, and disagrees with the Defendants jurisdictional move into Federal

6    Court. Here are some of the California laws supporting the Plaintiffs California Causes of Action: FAIR

     EMPLOYMENT AND HOUSING §12900, §12905.5, §12921(a), §12926(n), 12926(l), §12926(i)(1)(3),
7
     12926(k)(1)(B)(i), (iii), §12926(k)(A)(B)(i)(iii)(3)(4)(5),§12926.1(c), §12926.1(1)(a), (b), (c), §12920,

8    §12920.5, §12948, §12940(a)-(o), §12960(b),California Civil Code-Contracts: §1427, §1570, §1549,

9    §1550, §1620, §3300-Breach of Contract Damages, Exemplary Damages, §3294(a), (b), (c), (1)(2)(3),(d),

10   Defamation: §44, §51.7(a), Duty to Avoid Injuring Persons or Property §1708, Deceit Damages §1709,

11   California Constitution Laws: Article 1-Declaration of Rights Section 2.(a), Article 1-Declaration of

     Rights Section 26, California Code of Regulations: §7293.9, 8 CCRT.8, Div. 1,Chapter 3, Article II,
12
     California Civil Rights Act: §51(a)(b)(c)(e)(1)(2)(f), §52(a)(b)(1)(2)(3)(e)(f)(h), California Evidence Code

13   §669 (a)(1)(2)(3)(4)(b)(1). Truly the only cause of action that would hold in federal jurisdiction is the

14   Wrongful Termination based on the Plaintiff not receiving a copy pursuant to federal law, of the

15   Defendants Drug and Alcohol Policy. The Federal Drug Free Workplace Act of 1988 is what the

     Defendants terminated the Plaintiff over, and that is governed by Federal Contractors Law.
16
         In the Defendants Position, they site the 'Labor Management Relations Act, 29 U.S.C. §185'

17   (LMRA), without clearly indicating which portion of the LMRA they are referring to. Hundreds of pages

18   to review that mostly speak of unions. I ask Defendants to be a little more clear which specific area of

19   "LMRA, 29  §185" are they talking about? The Defendants Position as stated above, indicates there are

20   "Two (2) Labor Agreements" that need the assistance of this Court, in interpreting any preemption arising

     between State and Federal laws or treaties under the U.S. Constitution, regarding these agreements.
21
     Clearly the Plaintiff and "KFH" entered into an agreement settling all claims from Plaintiffs termination

22   on March 27, 2002. Plaintiff signed this agreement outside the C.B.A. procedure of "Arbitration", and

23   "Before Arbitration", clearly stating the governing of this agreement is "Under California Civil Code

24   §1549", on September 24, 2003, along with her Union. "KFH" settled contingent to the Plaintiff agreeing

     to dismiss all "KFH" defendants from Plaintiff's case against them in State court, as she did. Paragraph
25
     #13 of this Settlement Agreement (noted in Plaintiff's complaint as 'Exhibit 18 (A)') clearly states the

26   following, "This Settlement Agreement shall be construed and governed by the laws of the State of

27   California." The understanding this contract would ever be in breach was beyond the parties because there

*was not a breach clause* indicating something like, 'If a Breach of Contract ever arises, then Arbitration will need to commence before a State claim can be stated'. However, a Federal decision noted in the John Gavello case *AFGE Local 1 v. Stone, 502 F.3d 1027*, three Appellate Judges overturned a district court decision based on the contents of the TSA being "Unconstitutional" regarding forming a union, and "Constitutionally", the three judges allowed freedom of speech in forming union in the TSA. They found through their decision, that allowing a division of our government to change employment agreements at will, was not only not fair, it was "Unconstitutional". Also with their decision, it makes it clear for any agreement to be precise; is now federal case law to not change agreements including our U.S. Constitution, at will unless all of the parties agree to the change or alteration. Agreements including the employment contract never stated anything about Mr. Gavello or any other employee of the TSA not being allowed to form a union, therefore they can be heard on this issue.

Plaintiff objects to Defendants statement above of, "Plaintiff did not contest the removal of this case to federal court with referencing Federal Rules of Civil Procedure 7 (a)(1), (2), (3), (4), (5), (6), and (7)." To make it clear that Plaintiff did not contest the removal of the state action into federal jurisdiction, based on Federal Rules of Court, Federal Rules of Civil Procedure (FRCP), and Civil Local Rules stating a "Demurrer" or "Reply" is inappropriate. These "Rules" indicate that "Demurrer" or "Reply" papers are not to be even filed if the case was removed from State to Federal Jurisdiction. Federal Courts want to process the removed action with it's own justice and decisive patterns without all the paperwork filed in the past. Standing Orders for Magistrate Judge Bernard Zimmerman does not state anything about a reply to an answer. If this Court would want or allow the Plaintiff to file some type of Demurrer or Reply Brief to the Defendants Answer she would be happy to do so. Nevertheless, these are the reasons the Plaintiff didn't file any contesting paperwork regarding Defendants Answer or Removal.

   **2.   Facts**

   A.   Defendant's Statement

Plaintiff, a union employee, was first terminated from her employment with KFH in 2002. As part of negotiated settlement agreement between KFH, the SEIU, and Plaintiff, she was reinstated to her employment in September 2003. This settlement agreement provides that "Any disputes concerning the implementation, interpretation, or application of this Agreement shall be subject to binding arbitration pursuant to the terms and conditions of the Collective Bargaining Agreement between the Employer and Local 250."

Subsequently, in April of 2005, KFH learned that Plaintiff possessed and was consuming marijuana on the job. KFH placed Plaintiff on administrative leave and, after conducting an investigation, discharged her. Plaintiff and her Union grieved this discharge as well. After a hearing in which evidence

was taken, an Arbitration Panel consisting of a union representative, an employer representative, and a neutral arbitrator determined that KFH had just cause to discharge Plaintiff.

Plaintiff never sought to arbitrate her alleged claims that KFH violated the September 2003 settlement agreement. She has already arbitrated her claim that KFH did not have just cause to terminate her employment in 2005. With respect to her claim of disability discrimination and failure to accommodate, the California Supreme Court recently determined that an employer has no duty to accommodate an employee's use of medical marijuana. It also concluded that an employer may discharge an employee for possessing or consuming medical marijuana without violating California law against disability discrimination. *Ross v. Ragingwire Telecommunications, Inc., 42 Cal.4th 920 (2008).*

B.    Plaintiff's Statement

Plaintiff does not contest any part of Paragraph #15, as it is clear to see the intention of the parties agreeing on only what they see in the following arbitration paragraph, as it doesn't contain "Breach", "This settlement agreement provides that Any disputes concerning the implementation, interpretation, or application of this Agreement shall be subject to binding arbitration pursuant to the terms and conditions of the Collective Bargaining Agreement between the Employer and Local 250." *AFGE Local 1 v. Stone, 502 F.3d 1027*

Even though "KFH" had notice in July or August of 2004 when Plaintiff was on leave, of Plaintiffs Legal Cannabis Recommendation (California's Compassionate Use Act) Doctor Certified Original, as the Plaintiff showed the appointed "KFH" supervisor, they did not request a copy. Plaintiff returned from nearly a one (1) year leave when she returned to work on March 15, 2005, was back on the job for twenty (20) days, without any Orientation regarding the "KFH" 3.02 NC Policy for Drugs and Alcohol. On April 3, 2005, while working, Defendant Diane Thurin called Plaintiff at the switchboard and asked one question over and over of Plaintiff, "Terri do you have anything on premises that contains cannabis?" After Plaintiff said "Yes", she was suspended for Cannabis Possession. Plaintiff told Thurin she was a legal cannabis patient and even showed her card to the Security Officer waiting to escort her off "KFH " premises. Plaintiff had a piece of cannabis candy in the office refrigerator and told Security Officer she needed to get that before she left. Then accusations by "KFH" of the Plaintiff using her medication while at "KFH", flew all the way into a termination letter given to Plaintiff on June 20, 2005. The Union and Plaintiff on June 20, 2005 both asked to have a copy of Kaiser's Investigation. July 7, 2005 Plaintiff gets her copy, and sees for the first time what she was fired over was nothing. "KFH" assumed the cookies contained cannabis – assumed Plaintiff into the poor house with no job. Plaintiff didn't know that "KFH" terminated her for a non-medicated chocolate chip cookie wrapped with recycled plastic wrap with a cannabis label on it until July 7, 2005. Without Thurin clarifying with her what was inside the plastic wrap, just baffles me. Then without any testing of Plaintiff, or testing of this cookie for Cannabis, leaves an open question. Why didn't "KHF" do testing? The representatives of "KFH" strongly held *U.S. Code Title 41 Chapter 10 section §701* against the Plaintiff during a grievance hearing, by giving her Union Field Representative a copy of this *U.S. Code Title 41*

-4-

**JOINT RULE 26 REPORT**
TOKASHIKI vs. KAISER FOUNDATION HOSPITALS
United States District Court for the Northern District of California
**Case No. C 08-0357 BZ**

*Chapter 10 section §701* attached to a letter documenting the copy to give to the Plaintiff. As far as the C.B.A. between Plaintiffs Union and "KFH", the termination of June 20, 2005 has been arbitrated and decided on, yes but it was an unfair decision that the Plaintiff Appealed to the General Counsel of the National Labor Relations Board in Washington, D.C. The Arbitrator Gerald McKay stated "KFH" policy dictates Plaintiff should have been immediately terminated, which is not at all true; the policy stated Plaintiff should have been placed on a sick leave. *Plaintiff received a copy of the "KFH" Drug and Alcohol KP 3.02 Policy for the first time five (5) days after she was suspended for it in 2005.* Pursuant to 'Federal Contractors Requirements for the Federal Drug Free Workplace Act of 1988', the Plaintiff was supposed to receive a copy of said "Drug and Alcohol Policy" and "KFH" was supposed to have an "Ongoing education program on the use, abuse of drugs on premises", also pursuant to *Title 41 Chapter 10 §701*, but that never happened either. The situation in Ross v. Ragingwire is different in a few areas. First the employee-Ross was not an actual employee yet and within his 90-day probation pending results of a New Employee Drug Screen. Now, California Legislature has in place AB 2279 after Ross v. Ragingwire case decision finding and noting various changes also to Department of Fair Employment and Housing to include sick patients who use cannabis for medical use also has the opportunity to be an employee at an employer in California, without discrimination or harassment regarding cannabis. The voters voted in the California Cannabis Laws intending to help legal cannabis patients with their rights, but the ideas in that Sacramento courtroom was a negative for a sick person that wants to work that is a legal cannabis patient. Here are a few laws also before legislature is SEC. 2. Section 11362.787 is added to the Health and Safety Code, to read if passed:11362.787. (a) Notwithstanding subdivision (a) of Section 11362.785, and except as provided in subdivision (c), it is unlawful for an employer to discriminate against a person in hiring, termination, or any term or condition of employment or otherwise penalize a person, if the discrimination is based solely upon either of the following: (1) The person's status as a qualified patient or a designated primary caregiver.

Not the case here with Tokashiki vs. Kaiser. Well established employee that gave notice to her employer of not only her cannabis use in mid 2004, but informed Defendant Amy L'Amoreaux on January 22, 2004-first day after returning from reinstatement-Plaintiff didn't want to get fired again, so she followed the rules of the Orientation Binder from "KFH" she received on January 5, 2004, and informed of other prescription medications she was taking for her back pain. But L'Amoreaux got mad at Plaintiff for mentioning her medications and told her to never say anything ever again about it. Because "KFH" fired Plaintiff for non-cannabis cookies, the way their investigation states this, it doesn't seem fair they would argue any type of discrimination, especially when it was exercised the very day of Plaintiffs termination 6-20-05 at 8:33am a comment to Jan Austin of H.R. from L'Amoreaux, answering Austin's email, "I did NOT have any such conversation with Theresa Tokashiki..I am surprised she would state this as she has signivicant memory loss on everything else... (that is me being sarcastic) There was no conversation with Theresa Tokashiki regarding medication. Amy"

**3.    Legal Issues**

A.    Defendant's Position

-5-

SF #1469839 v1

**JOINT RULE 26 REPORT**
TOKASHIKI vs. KAISER FOUNDATION HOSPITALS
United States District Court for the Northern District of California
Case No. C 08-0357 BZ

Defendants anticipate the following legal issues:

1.    Should the Court grant Defendants summary judgment and/or judgment on the pleadings with respect to Plaintiff's breach of contract, breach of the covenant, and intentional infliction of emotional distress claims because she failed to pursue, or has already pursued, arbitration of these claims?

2.    Is Plaintiff's intentional infliction of emotional distress claim pre-empted by the Labor Management Relations Act because it arises from and requires the interpretation of a labor agreement?

3.    If summary judgment is not appropriate for the above claims, should Plaintiff instead be compelled to comply with the contractual grievance procedure and seek arbitration of these claims?

4.    Should the Court grant Defendants summary judgment/judgment on the pleadings with respect to Plaintiff's disability discrimination claim because: (1) Plaintiff has testified, under oath, during arbitration, that she possessed marijuana on KFH premises; and (2) KFH's decision to discharge Plaintiff and not accommodate her use of illegal drugs was entirely permissible under California's disability discrimination laws?

B.    Plaintiff's Position

1.    Should this Court grant Defendants Summary Judgment because they breached a contract that *does not* have a "Breach of Contract Arbitration Clause"? Should we assume that interpretation, implementation or application has anything to do with "Breaching this Agreement? Should this Court decide on a breach of contract claim that is governed by the State of California? "In Defendants Removal Answer filed on January 18, 2008, they state under 6 b., "Plaintiff's employment relationship is governed by the provisions of a collective bargaining agreement between KFH and SEIU (short title) Local 250 United Healthcare Workers Union…". Yet for a moment in time, the State of California Civil Code §1549 governed a settlement agreement (Ex.18 (A) of Plts. Cmplt.) as it states in Paragraph #13 pertaining Plaintiffs employment future. Quoting #13, "This Settlement Agreement shall be construed and governed by the laws of the State of California." See case *AFGE Local 1 v. Stone, 502 F.3d 1027*.

2.    Plaintiff's intentional infliction of emotional distress claim is not pre-empted by the Labor Management Relations Act, it is governed by Civ.Code for Calif.1549.

3.    Since the Arbitrator choice of "KFH" is dishonest, Plaintiff asks this Court to appoint an Arbitrator if this Court feels "Breach of Contract actions" and "Emotional Distress" would fall into Federal Jurisdiction.

4.    "After Acquired Evidence Doctrine" will not hold up in any court if discrimination is exercised, and that is what the EEOC McKennon case states. That is all the Defendants have because they didn't prove anything regarding the cannabis. Discrimination is exercised extensively in this case, there is no question about it. Plaintiff asks this court to remember the Defendants exercised extensive, hurtful discrimination and put it in black and white. Plaintiff has these copies of discrimination in her complaint.

-6-

### 4.    Motions

Defendants anticipate filing a motion for summary judgment, judgment on the pleadings, and/or to compel arbitration with respect to Plaintiff's Complaint. Defendants do not currently anticipate having to conduct any discovery prior to filing this motion. Defendants hope to have this motion on file prior to the Case Management Conference in this case. The Plaintiff has no motions planned at this point.

### 5.    Amendments To Pleadings

Defendants do not anticipate making any amendments to the pleadings. Plaintiff has already amended her complaint once. She has not sought leave of this court to amend her complaint a second time. Plaintiff states at some point she might want to amend her complaint a second time after she heals from a right shoulder tendon tear and arm crush.

### 6.    Evidence Preservation

KFH has followed its normal procedures with respect to preserving electronic and paper documents in this matter. Plaintiff has followed normal procedures with respect to preserving evidence.

### 7.    Initial Disclosures

A.    Defendants' Position

In accordance with F.R.C.P. 26(a)(1), as well as the Court's case management order, Defendants request that the parties not exchange initial disclosures until the Court hears Defendants' early dispositive motion in this case. Defendants make this request in order to control costs and promote judicial economy. In addition, Defendants wish to avoid any argument that they have somehow waived their ability to compel arbitration (or seek summary judgment because of Plaintiff's failure to exhaust her contractual grievance remedies) by voluntarily participating in discovery.

B.    Plaintiff's Position

The Plaintiff objects to the Defendants filing of any dispositive motion, including but not limited to motion for summary judgement. To stop the Plaintiff from obtaining justice isn't fair in this Plaintiffs case. Also promoting economy over justice in favor of Defendants is something the Plaintiff is also objecting to. Further to order the Defendants to comply with Initial Disclosures and release the documentation the Plaintiff requests without her having to complete and serve several subpoenas to Defendants for such documentary evidence. It is required for the Defendants to produce documentation to the Plaintiff under FRCP 26(a)(1)(A). As of today's date, the Plaintiff has complied with Initial Disclosures to the best of her ability.

### 8.    Discovery

A.    Defendants' Position

-7-

SF #1469839 v1

**JOINT RULE 26 REPORT**
TOKASHIKI vs. KAISER FOUNDATION HOSPITALS
United States District Court for the Northern District of California
**Case No. C 08-0357 BZ**

No discovery has been taken to date. Defendants need not take any discovery prior to filing a dispositive motion in this case. Defendants request that no discovery be served pending the Court's decision with respect to Defendants' early dispositive motion.

B.    Plaintiff's Position

The Plaintiff asked for documentation that would and should be initial disclosures and Defendants indicated to her for that documentation she would need to file a subpoena. Defendants clearly indicated to Plaintiff during the Conferencing of the Parties they do not want to exchange initial disclosures. The Plaintiff and Defendants Counsel only discussed Plaintiffs deposition request to be open at this time. No further communication was discussed because the Defendants feel strongly they will win Summary Judgment, no energy was put into discussion of Discovery on the Defendants part.

**9.    Related Cases**

DEFENDANT/Related Cases: As noted above, Plaintiff and her union grieved her April 2005 discharge. The Arbitration Panel denied the grievance. In addition, Plaintiff filed an unfair labor practice charge with the National Labor Relations Board as a result of her discharge. The NLRB refused to issue a complaint.

PLAINTIFF/Related Cases: Plaintiff filed a charge of Discrimination with the Equal Employment Opportunity Commission charge #370-2005-02096. "The EEOC issues the following determination: Based upon its investigation…This does not certify that the respondent is in compliance with the statutes…" Plaintiff also filed a complaint of unfair labor practice with the National Labor Relations Board (N.L.R.B.), appeal to Washington DC NLRB.

**10.    Class Action**

This is not a class action.

**11.    Relief Sought**

A.    Defendants' Position

Defendants contend that Plaintiff is not entitled to any relief. Defendants seek a summary disposition of Plaintiff's claims.

B.    Plaintiff's Position

Plaintiff is entitled to relief on all counts. The Defendants unlawfully exercised Discrimination against her before the date, and on the date several hours before they terminated her (Plaintiff has documentary proof). The Plaintiff asks this Court to not allow the Defendants any justification, justice, or any claims or defenses for the "After Acquired Evidence Doctrine", as their state answers' affirmative defense #17 indicated. Based on material documentary fact the Plaintiff holds, to impact determination of any of Plaintiffs claims regarding that doctrine, she asks this Court not to find in Defendants favor because such

-8-

discrimination was being exercised prior to Plaintiffs June 20, 2005 termination from "KFH". Plaintiffs National Labor Relations Board complaint she filed and appealed, went to General Counsel of the N.L.R.B. located in Washington D.C. where decision was made, but not in the Plaintiffs favor. That is why she filed her case in court, along with several other reasons including hoping and wishing for fairness to be judged regarding her claims. The Plaintiff further asks of this Court to order the Defendants to pay the Plaintiff $12,000,000.00 or come to some other settlement figure that the Plaintiff agrees on that pays her for what she has gone through because of the actions of ALL Defendants in this case.

**12.    Settlement & ADR**

The parties have agreed to an early settlement conference before a Magistrate Judge.

The parties have agreed to participate in an ADR Phone conference that is scheduled for April 30, 2008 at 9:30am.

**13.    Consent to Magistrate Judge**

The parties have consented to Magistrate Judge Bernard Zimmerman for all purposes.

**14.    Other References**

DEFENDANTS:  If the Court does not grant Defendants' anticipated motion for summary judgment or judgment on the pleadings of Plaintiffs' contractual and emotional distress claims, these claims should be referred to arbitration pursuant to the terms of the labor agreement between the parties.

PLAINTIFF:  Plaintiff fully objects to the Defendants filing an early Summary Judgment motion or any form of judgment in favor of the Defendants.  Based on pure material facts and laws supporting Plaintiffs claims, the Plaintiff requests of this Court to halt the Defendants a little while regarding this.

**15.    Narrowing Of Issues**

The parties are currently unaware of any way to narrow the issues in this matter.

**16-18. Scheduling & Trial**

A.    Defendants' Position

Defendants' request that the Court delay setting a schedule or trial date in this matter pending its resolution of Defendants' early dispositive motion.

B.    Plaintiff's Position

The Plaintiff requests of this Court based on material facts and laws pertaining to the Plaintiffs complaint, that the Defendants be ordered not to file Summary Judgment until after the Settlement Conference. We did not discuss Trial because of S.J. Motion to be filed by Defendants. But 2-4 days for trial is alright .

**19.    Disclosure Of Interested Parties**

A.    Defendants' Position

-9-

SF #1469839 v1

**JOINT RULE 26 REPORT**
TOKASHIKI vs. KAISER FOUNDATION HOSPITALS
United States District Court for the Northern District of California
**Case No. C 08-0357 BZ**

1    Defendants have filed the necessary disclosure in this case. It states, in whole:

2    "Pursuant to Civil L.R. 3-16, the undersigned counsel of record for Defendants certifies that the

3    following listed persons, associations of persons, firms, partnerships, corporations (including parent

corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party

4    to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

5    substantially affected by the outcome of this proceeding:

6    Theresa Tokashiki, Plaintiff.
Kaiser Foundation Hospitals, Defendant.
7    Amy L'Amoreaux, Defendant.
Diane Thurin, Defendant.
8    Kristin Heiman, Defendant"
B.    Plaintiff's Position

9    Plaintiff has filed the necessary disclosure in this case. It states, in whole:

10    "Pursuant to Civil L.R. 3-16, the undersigned counsel of record for the Plaintiff certifies that the

11    following listed persons, associations of persons, firms, partnerships, corporations (including parent

12    corporations) or other entities (i) have a financial interest in the subject matter in controversy or in a party to

the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be

13    substantially affected by the outcome of this proceeding:

14    Kaiser Foundation Hospitals, Defendant.
Amy L'Amoreaux, Defendant.
15    Diane Thurin, Defendant.
Kristin Heiman, Defendant.
16    Theresa Tokashiki, Plaintiff."
Dated: April 28, 2008
17

18    THERESA TOKASHIKI

19    By:Theresa Tokashiki, Proceeding Pro Per

20

21    Dated: April 28, 2008                                    Theresa    Tokashiki, In Pro Per/Pro se

22

23

24

25

26

27                                              -10-

1

## CERTIFICATE OF SERVICE BY MAIL

2

3

*U.S. DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA*

4

TOKASHIKI vs. KAISER FOUNDATION HOSPITALS
Case #: C 08-0357 BZ

5

April 28, 2008

6

7       I am over the age of 18 and not a party to the action as noted above.  I am a resident in the County

8  of Contra Costa, in the State of California.  My address is:  2034 Spring Lake Drive, Martinez, California

9  94553.

10       On April 28, 2008, I served the following document:

11

12  ## JOINT RULE 26 REPORT

13  By placing a true and correct copy thereof in a sealed envelope addressed as follows:

14

15  Chris Baker and Deborah J. Broyles, Attorneys for Defendants
    THELEN, REID, BROWN, RAYSMAN & STEINER, LLP
16  101 SECOND STREET
    Suite 1800
17  San Francisco, CA 94105

18

19       Today, April 28, 2008, I placed said document above in a pre-paid envelope at the Concord,

20  California United States Post Office.

21       I declare this under penalty of perjury under the laws of the United States of America that the

22  foregoing is true and correct.  Executed on April 28, 2008, at Martinez, California.

23

24

25

26       Date:  April 28, 2008                    Barbara McCauley

-1-