DEBORAH J. BROYLES, CA BAR NO. 167681
CHRIS BAKER, CA BAR NO. 181557
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA  94105
Tel. 415.371.1200
Fax 415.371.1211

Attorneys for Defendants
KAISER FOUNDATION HOSPITALS,
AMY L'AMOREAUX, DIANE THURIN, and KIRSTIN HEIMAN

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA A. TOKASHIKI AKA McCAULEY,<br><br>                     Plaintiff,<br><br>          vs.<br><br>KAISER FOUNDATION HOSPITALS, AMY L'AMOREAUX, DIANE THURIN, KIRSTIN HEIMAN; DOES 1 THROUGH 10,<br><br>                     Defendants. | Case No.:  C-08-0357 BZ<br><br>**DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**<br><br>No hearing date set |

**I.     INTRODUCTION**

Plaintiff Theresa Tokashiki asks that this Court grant her leave to file a Proposed Second Amended Complaint ("Proposed Complaint").  She has presented to the Court the Proposed Complaint that she provided to Defendants on June 30.

The Court should deny Plaintiff's motion because: (1) Plaintiff has not provided any grounds for amendment; and (3) the amendment would be futile in any event.

**II.    STATEMENT OF CASE**

Plaintiff was terminated from KFH for possessing and using marijuana in the workplace. She grieved her discharge and an arbitration panel denied the grievance.

Plaintiff filed her first complaint for damages against Defendant Kaiser Foundation Hospitals ("KFH") and certain individual defendants in Contra Costa Superior Court in April of 2007. She filed and served her First Amended Complaint in December 2007. Defendants removed the case to this Court on January 18, 2008.

### A. The First Amended Complaint

The First Amended Complaint sets forth seven causes of action. The Breach of Contract, Breach of Contract Based on Correspondence, Contract Tort and Breach of the Implied Covenant Causes Of Action all arise from an alleged breach of a September 2003 settlement agreement between KFH and Plaintiff. Basically, Plaintiff contends that KFH breached the settlement agreement by releasing to her union certain information about her employment in the course of processing her grievance over her 2005 discharge.

The Intentional Infliction of Emotional Distress claim arises from a comment made in an email from one KFH employee to another about Plaintiff's alleged inability to remember some things but not others (though, again, this was email was created as a result of Plaintiff's grievance).

The Wrongful Termination claim essentially alleges that Plaintiff and KFH had a "good cause" employment contract and that KFH terminated Plaintiff's employment without good cause.

Finally, Plaintiff's FEHA claim alleges that KFH refused to provide her with an accommodation and improperly terminated her employment for using and possessing medical marijuana on the job.

### B. Subsequent Proceedings

On May 6, 2008, the Court's issued a scheduling order requiring Plaintiff to provide Defendants with a proposed second amended complaint by May 19. The Order also stated that: "If plaintiff decides to proceed with this case without an attorney, she may wish to consult a manual the Court has adopted to assist *pro se* litigants in presenting their case." The Order also informed Plaintiff where to find the manual.

At Plaintiff's request, Defendants stipulated to an extension of time until June 2 for her to provide a draft Proposed Complaint. Instead of doing so, Plaintiff filed on June 2 a motion with

the Court to "enlarge time" because of her "urgent neurological surgery." In response, the Court granted Plaintiff until June 30 to provide Defendants with a proposed second amended complaint. The Court expressed its concern with Plaintiff's motion, however, noting that Plaintiff declared that she was advised of the need for her surgery on May 20, and stating: "Plaintiff no where explains when the urgent surgery is scheduled."

Now, more than two months later, the allegedly "urgent" surgery has apparently still not been scheduled, and there is some question as to whether surgery will be ever be scheduled (or is even needed). In a declaration filed with the Court on July 18 (and signed on July 16), Plaintiff provided the Court with a June 3 doctor's note that states: "Ms. Theresa Tokashiki has been referred to a neurosurgeon for consideration of possible surgical treatment."

### C. Proposed Second Amended Complaint

Regardless, on June 30, Plaintiff provided Defendants with the Proposed Complaint. Comparing the Proposed Complaint to the one on file, the primary substantive difference is that Plaintiff revises her Wrongful Termination claim (the Sixth Cause of Action) to add a public policy component.[1] She now seeks to claim, without irony, that she was terminated in violation of the Federal Drug Free Workplace Act, 41 U.S.C. § 701. (see Proposed Complaint ¶¶ 49 through 61). She alleges that she was not provided with a copy of KFH's policy on alcohol and drugs, and that this alleged failure renders her subsequent discharge for drug possession and use somehow illegal.

Defendants intend to file a motion for summary judgment and other dispositive pleadings. Defendants have delayed their filing pending the resolution of the pleading issue – which has dragged on months longer than originally anticipated. If Defendants' dispositive motions are denied, then they will have to engage in discovery. Discovery closes in January of this year.

---

[1] With respect to Plaintiff's request to submit a proposed second amended complaint that was not provided to Defendants by June 30, this should obviously be denied. The "revised" proposed complaint is not before the Court. Moreover, the revised proposed complaint was not submitted to Defendants in accordance with the Court's June 11, 2008 order.

### III. Argument

The decision to grant or deny leave to amend rests in the sound discretion of the district court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996).

#### A. The Motion Should Be Denied Because Plaintiff Provides No Grounds For The Proposed Amendment

In her motion, Plaintiff does not explain the grounds for her Proposed Complaint. Because she fails to do so, the motion should be denied. *Confederate Mem. Ass'n Inc. v. Hines*, 995 F.3d 295, 299 (D.C. Cir. 1993)(noting that a bare request to amend – without any indication of the particular grounds on which the amendment is sought – does not constitute a proper motion within the contemplation of F.R.C.P. 15(a).); *Long v. Satz*, 181 F.3d 1275, 1279 (11th Cir. 1999). Moreover, parties are not permitted to amend a complaint without showing how the complaint could be amended to save an otherwise meritless claim. *United States ex rel. Doe v. Dow Chem Co.*, 343 F.3d 325, 330-31 (5th Cir. 2003). Plaintiff has not done so here.

#### B. The Motion Should Be Denied Because It Is Futile

Plaintiff seeks to amend her complaint primarily to allege that KFH terminated her in violation of the Federal Drug Free Workplace Act, 41 U.S.C. § 701. Of course, she was terminated for <u>not</u> being drug free, which makes the amendment counter-intuitive. Her claim seems to be that: (1) She never received KFH's drug policy (something KFH denies), as required by the Drug Free Workplace Act; and (2) had she received the policy, she would not have used or possessed illegal drugs at work. Unfortunately, Plaintiff does not (and cannot) allege that the discharge *itself* violated the Drug Free Workplace Act. Rather, her discharge was entirely consistent with the Act, which seeks to render places of employment "drug-free." There is no public policy or law that prevents an employer from terminating an employee for illegal drug use – even if the employee pleads ignorance and claims that she thought it was somehow acceptable to be under the influence of marijuana while fielding patient calls at a medical center.

Because the proposed amendment would be futile, Plaintiff's motion must be denied. *Saul v. United States*, 928 F.2d 829 (9th Cir. 1991).

## IV. Conclusion

For the reasons set forth above, Defendants request that Plaintiff's Motion For Leave To File A Second Amended Complaint be denied.

Dated: August 4, 2008

                                     THELEN REID BROWN RAYSMAN
                                     & STEINER LLP

                              By  /s/ Chris Baker, Esquire
                                   CHRIS BAKER
                                   Attorneys for Defendants
                                   KAISER FOUNDATION HOSPITALS,
                                   AMY L'AMOREAUX, DIANE THURIN, and
                                   KIRSTIN HEIMAN